UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                      :

ERIC JOHNSON,              :        CASE NO. 1:13-CV-00899

                       :
          Plaintiff,        :

                       :
vs.                   :        OPINION & ORDER
                       :        [Resolving Doc. No. 1, 4, 5]
BUREAU OF              :
WORKERS COMPENSATION, *et al.*,  :
                       :                                   :
         Defendants.     :
                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     *Pro se* plaintiff Eric Johnson filed this action under 42 U.S.C. § 1983 against the Ohio

Bureau of Workers Compensation ("BWC"), and "1-888-OHIOCOMP"[1].  In the complaint,

plaintiff alleges he was told his workers compensation claim was denied but no order was ever

written.  He seeks monetary damages in the amount of $ 11,941.11.

## I. Background

     Plaintiff contends he was injured at his place of employment on May 19, 1998.  He

indicates he filed a claim with the BWC in 1998 and "entered into an agreement" with them.  He

lists the date of the agreement also as May 19, 1998.  (Doc. No. 1 at 2).  He states he entered

---

    [1]    "1-888-OHIOCOMP" is a Managed Care Organization (MCO).  An MCO is a private
company that an employer contracts to medically manage the workers' compensation claims for
injured employees.  MCOs are part of the Ohio Bureau of Workers' Compensation's Health
Partnership Program (HPP).  The Ohio Bureau of Workers' Compensation (BWC) and certified
private-sector MCOs work together to provide comprehensive claims-management and
medical-management services to the employers and employees of Ohio.  *See*
http://www.1-888-ohiocomp.com

into an agreement with 1-888-OHIOCOMP in 2008. Plaintiff does not provide any details of these agreements.

Plaintiff claims he filed for temporary disability on January 17, 2013 with the BWC using a Form C84.  He alleges the BWC responded to his claim by stating he needed to file a Form MEDCO-14 along with his Form C84.  He indicates his physician completed MEDCO-14 and he filed it with the BWC on February 27, 2013.  He states 1-888-OHIOCOMP sent him a copy of the MEDCO-14 he had filed.  When he had not received a determination on his claim within twenty-one days of submitting the MEDCO-14 form, he sent a letter to the BWC on March 20, 2013.  The letter stated in its entirety: "To Whom it May Concern: I Eric Johnson claim number 98-407094 never received a response to the MEDCO-14 that was filed by me and my physician."  (ECF No. 1-6 at 1).

Plaintiff contends that while following up on his letter, he was told by an unnamed BWC employee that his MEDCO-14 was denied.  He filed an appeal of the denial of benefits to the Ohio Industrial Commission, but was told by an Industrial Commission representative that they did not receive a denial order from the BWC pertaining to his Form C84 or his Form MEDCO-14.  They had no record that a decision had been made.

Plaintiff then filed this action on April 22, 2013.  Aside from indicating that his action is filed under 42 U.S.C. § 1983, he does not assert any legal claims.  He states that as a direct and proximate cause of the defendants' actions of not responding to his request for temporary disability benefits, he suffered financial and emotional distress.  He seeks monetary damages.

On June 6, 2013, the BWC filed a Motion to Dismiss pursuant to Federal Civil Rule 12(b)(6).  In the Motion, the Defendant contends the BWC, as an arm of the State of Ohio, is not

a person within the meaning of 42 U.S.C. § 1983, and is entitled to Eleventh Amendment immunity.  The Defendant further contends that if the review of Plaintiff's worker's compensation claim has not been completed, he must wait for that determination before he can appeal to the industrial commission.  If he has received a determination, but has not been able to get the industrial commission to review his case, he should pursue remedies provided for him in the state court which are adequate to address his situation.  The Defendant asserts Plaintiff failed to state a claim upon which relief may be granted.

## II.  Legal Standard

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

-3-

allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement,

stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant acted

unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a court may consider allegations contained in the

Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all

without converting a Motion to Dismiss to a Motion for Summary Judgment.  FED. R. CIV. P.

10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Furthermore, while *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454

U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district

court may dismiss an action *sua sponte,* without reference to a Motion to Dismiss, if the

complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer

open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479

(6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Federal courts are

always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v.

City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction

is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.

-4-

694, 701 (1982).  The plaintiff has the burden of alleging sufficient information to establish a

basis for federal subject matter jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130

(6th Cir.1996).  Lack of subject matter jurisdiction is a non-waivable, fatal defect which can be

raised by the Court at any time. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

### III.  Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not

have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549

F.3d 468, 474 (6th Cir.2008).  Instead, they have only the authority to decide cases that the

Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to

hear a case only when the case raises a federal question or when diversity of citizenship exists

between the parties.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Diversity of

citizenship does not exist in this case.  Plaintiff alleges he is a resident of the State of Ohio. For

jurisdiction to be based on diversity of citizenship, neither of the defendants can also be

residents of the State of Ohio.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

The State of Ohio, however, is one of the defendants.  The other defendant is a private

corporation with its principle place of business in Ohio.  Jurisdiction cannot be premised on

diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of

federal law.  In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007). Although the well-pleaded-complaint rule focuses on what plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475.  In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.  *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir.2007).

Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines*, 404 U.S. at 520.  Even with that liberal construction, however, plaintiff  failed to properly identify a federal question in this case.

Plaintiff indicates that he is filing his action under 42 U.S.C. § 1983.  To establish a *prima facie* case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Plaintiff, however, does not identify a single right secured by the United States Constitution which he believes the defendants violated and none is apparent on the face of the Complaint.  He indicates only that as

-6-

a result of the defendant's failure to issue an order to the Industrial Commission, he suffered financial and emotional distress.  Claims of intentional or negligent infliction of emotional distress arise under state tort law, not federal law, and cannot provide a basis for a claim under 42 U.S.C. § 1983.  Plaintiff has not stated a plausible federal claim to support federal question jurisdiction.

Moreover, even if plaintiff had identified a Constitutional right he believed the defendants violated, he has not stated a viable claim against either defendant.  The BWC is an Ohio agency.  As the BWC asserts in its Motion to Dismiss, it cannot be sued under § 1983 and is absolutely immune from liability under the Eleventh Amendment.  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies for claims. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Furthermore, the only allegation in the Complaint against 1-888-OHIOCOMP is that someone working for that organization sent him a copy of this MEDCO-14 form after he filed it with the BWC.  Plaintiff gives no indication of how that action could possibly result in a Constitutional violation or a violation of federal law.

Finally, Plaintiff responded to the Motion to Dismiss by asserting that his pleading has merit, and asking the Court to allow him to amend his complaint if the Court determines that the pleading is subject to dismissal.  He does not indicate how he would amend the complaint and the Court can see no way for him to amend his pleading to state a claim under federal law against these Defendants.  He may have some state-law claim against these defendants or, more likely, may have some right to seek state review of his workers compensation claim, but he does not have a federal claim.  His request for leave to amend his complaint is denied.

-7-

## IV.  Conclusion

Accordingly, Defendant's Motion to Dismiss (Doc. No. 4) is granted, Plaintiff's Motion to Amend contained in his Response (Doc. No. 5) is denied, Plaintiff's claims against "1-888-OHIOCOMP" are dismissed for lack of subject matter jurisdiction, and Plaintiff's claims against the Ohio Bureau of Workers Compensation are dismissed pursuant to Federal Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: August 5, 2013                                            s/   *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.